### GAYLORD v. BROWN et al.

(Supreme Court, Appellate Division, First Department. October 23, 1908.)

1. FRAUD (§ 36*)—ACTIONS—DEFENSES.

In an action against defendant corporation for falsely and fraudulently representing that it owned a large quantity of valuable mining property and would pay certain dividends, whereby plaintiff was induced to subscribe for stock, that the company had no money to repay the subscription, or that on compliance with certain conditions it would borrow the money to repay it, was no defense.

[Ed. Note.—For other cases, see Fraud, Dec. Dig. § 36.*]

2. FRAUD (§ 43*)—PLEADINGS—SUFFICIENCY OF ALLEGATION.

Plaintiff alleged that defendants caused defendant corporation to be organized and fraudulently represented that it owned mining property which contained large quantities of gold, and plaintiff would receive at least $75,000 for his subscription within six months, and that the stock was sold to plaintiff at the same price as to others, and that plaintiff purchased the stock, relying on such representations; that defendants subsequently agreed to repay the subscription, with interest, and had failed to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

do so, and the company had suspended operations, defendants retaining large sums of money; that plaintiff's stock is now worthless, but, if the representations had been true, it would be worth a certain sum, for which he demanded judgment. There was no offer to return the stock or rescind the contract. *Held* that, while the complaint contained some immaterial allegations, a good cause of action was alleged for damages for fraud in inducing plaintiff to buy the stock.

[Ed. Note.—For other cases, see Fraud, Dec. Dig. § 43.*]

Appeal from Special Term.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, CLARKE, and SCOTT, JJ.

John Thomas Smith, for appellant.
Garrard Glenn, for respondents.

INGRAHAM, J. The plaintiff alleges that he was in the employ of the firm of A. O. Brown & Co., who are defendants in this action; that the firm had become interested in certain gold and copper lands in the republic of Santo Domingo, and caused the defendant the Santo Domingo Gold & Copper Company to be incorporated, with a capital of $64,000,000; that the defendants sold a large amount of stock of the said company, and received upwards of $500,000 therefor, and for the purpose of inducing subscriptions to the stock of the company they represented that the company owned a large amount of property in the Dominican Republic which contained gold to the extent of $150,000,000, that the defendants had examined the property transferred, that competent mining engineers had examined the property and reported favorably thereon, that the said property had been purchased and paid for in full, and that a corps of mining engineers had been sent to install machinery thereon; that the defendants further represented to the plaintiff that for the $5,000 which the defendants requested the plaintiff to subscribe to the stock of the said company he would receive in return, within six months, at least $75,000, and that the plaintiff was to receive the stock subscribed to by him at the same price that it was to be allotted to the defendant Buchanan and his friends, Buchanan being a member of the firm of Brown & Co.; that the plaintiff, relying upon the truth of these representations subscribed to the stock of the company, and paid to the defendant Brown & Co. $5,000 therefor, and received 250 shares of the capital stock of the company at the rate of $20 per share. It is then alleged that the defendant Buchanan received large amounts of stock of the company at a price much lower than $20 a share, and that the defendants had sold a large amount of said stock to third persons at $4 per share; that these gold properties are practically worthless, and that the defendants never owned the same; that none of the properties contained gold running $1,000,000, or gold in any quantity, or of any commercial value whatever, and, generally, that all these representations were false; that on January 15, 1907, all operations were abandoned; that Brown & Co. subsequently alleged

that they would pay on January 15, 1908, to the subscribers to the said stock, the price paid by them to the company, together with interest at 4 per cent.; that large amounts of money had been retained by the defendants for over a year since the company ceased operations; that if the representations, relying upon which the plaintiff subscribed to said stock, had been true, 250 shares would have been worth $125,000, and that the shares are now valueless; and the plaintiff demands judgment in the sum of $125,000.

The defendant the Santo Domingo Gold & Copper Company was made a party defendant, and it interposed an answer admitting certain allegations of the complaint and denying other allegations, and generally denying all of the allegations of fraud; and as a separate defense it was alleged that all of the money that it received for its stock has been long expended, and that the said company has no method of raising money except by borrowing from the defendants Brown & Co.; that the plaintiff, about the 11th of October, 1906, deposited the certificate for the shares of stock before mentioned, and assigned all his right, title, and interest in said stock to the defendants Brown & Co. to secure certain loans and advances made to him by them, and that subsequently the plaintiff assigned all the right, title, and interest remaining in said stock to one Alice B. Gaylord; and that this defendant is ready and willing, upon the receipt of the proper releases, authorizations, assignment, or transfer of said shares of stock from the said Brown & Co. and Alice B. Gaylord, and from the plaintiff, to borrow from the defendant Brown & Co. the sum of money necessary to repay to the plaintiff the amount subscribed by him for said stock, together with interest at 4 per cent., and to repay to him the said amount. It is clear that this defense is frivolous. If the plaintiff had any cause of action against this Santo Domingo Company to recover $125,000, or any other sum, neither the fact that the company has no money to pay, nor that on compliance with certain conditions it would borrow the money from a codefendant and then pay, is no possible defense.

The learned judge, in overruling this demurrer, said that it was difficult to determine whether the plaintiff seeks to recover for deceit, or on a promise to repay the plaintiff the money he expended, or in equity to enforce a trust on the funds now in the hands of the defendant. But we think that, although the complaint contains immaterial allegations, there is but one cause of action alleged, which is to recover damages for fraud. The amount alleged to have been paid for the stock was $5,000. The plaintiff has made no tender of the stock and demanded a return of this sum, makes no claim to rescind the contract, but simply alleges that this purchase was induced by false and fraudulent misrepresentations, and seeks to recover the damages sustained by him in consequence of the fraud. The complaint alleging that the defendants made these representations, it would appear that a good cause of action was alleged as against all the defendants; and, as we think that no facts were alleged in this separate defense which was a defense to this cause of action, the demurrer should have been sustained.

The judgment appealed from is therefore reversed, with costs, and the demurrer sustained, with costs, with leave to the defendants to amend the answer within 20 days on payment of such costs. All concur.

---

### GAYLORD v. BROWN et al.

(Supreme Court, Appellate Division, First Department. October 23, 1908.)

FRAUD (§ 36*)—ACTIONS—DEFENSES.

In an action for damages for fraud in inducing plaintiff to buy worthless stock, that plaintiff thereafter deposited his stock with defendants as security, or that defendants were willing to credit plaintiff with the amount paid therefor, with interest, or that plaintiff afterwards assigned the stock, would not be a defense, even if such facts could be set up under Code Civ. Proc. § 508, permitting an allegation of a partial defense tending to reduce damages.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 31; Dec. Dig. § 36.*]

Appeal from Special Term.

Action by Thomas C. Gaylord against Albert O. Brown and others. From an interlocutory judgment overruling a demurrer to the answer, plaintiff appeals. Reversed, and demurrer sustained, with leave to amend.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

John Thomas Smith, for appellant.
Garrard Glenn, for respondents.