### GAYLORD v. BROWN et al.

(Supreme Court, Appellate Division, First Department. October 23, 1908.)

FRAUD (§ 36*)—ACTIONS—DEFENSES.

In an action for damages for fraud in inducing plaintiff to buy worthless stock, that plaintiff thereafter deposited his stock with defendants as security, or that defendants were willing to credit plaintiff with the amount paid therefor, with interest, or that plaintiff afterwards assigned the stock, would not be a defense, even if such facts could be set up under Code Civ. Proc. § 508, permitting an allegation of a partial defense tending to reduce damages.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 31; Dec. Dig. § 36.*]

Appeal from Special Term.

Action by Thomas C. Gaylord against Albert O. Brown and others. From an interlocutory judgment overruling a demurrer to the answer, plaintiff appeals. Reversed, and demurrer sustained, with leave to amend.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

John Thomas Smith, for appellant.
Garrard Glenn, for respondents.

INGRAHAM, J. This is a demurrer to the answer of Brown & Co. The nature of the action is stated in the opinion deciding the appeal from a judgment overruling the demurrer of the Santo Domingo Gold & Copper Company, decided herewith. 112 N. Y. Supp. 745. Brown & Co. interposed an answer, admitting several allegations of the complaint, and denying other allegations of the complaint, and then set up as a further and separate defense that the plaintiff subscribed to 300 shares of the stock of the Santo Domingo Gold & Copper Company, paying therefor at the rate of $20 per share; that subsequently, on the 11th of October, 1906, the plaintiff sold and transferred to one Smith 50 shares, receiving $1,000 therefor; that subsequently the plaintiff repurchased the said shares of stock from Smith, and the defendant Brown & Co. paid to Smith the sum of $1,050 for such repurchase; that at the time of the purchase of the 300 shares of stock by the plaintiff the plaintiff was indebted to the defendant for certain advances in connection with a brokerage account in the sum of $7,083.30, and that on or about the 11th of October, 1906, the plaintiff deposited with the defendant his certificate for 250 shares of the stock as collateral security for such indebtedness, and that the certificate for 50 shares of said stock purchased for the plaintiff from the said Smith was likewise deposited by the plaintiff with the defendants to secure the advances made thereon; that the said indebted-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ness of the plaintiff to the defendants has not been paid, and there is now due and owing from the defendants to the plaintiff the sum of $10,945.01; that the defendants have been at all times, and are now, ready and willing to credit upon the account of the plaintiff with them, in accordance with the terms of the complaint, the amount subscribed for said stock by the plaintiff, to wit, $6,000, together with interest at 4 per cent., upon the execution of a proper assignment and transfer to the defendant of said stock; that prior to the commencement of this action the plaintiff, being then indebted to the defendant, assigned or purports to have assigned all his right, title, and interest in said shares of stock to one Alice B. Gaylord, and a suit has been instituted in the name of said Alice B. Gaylord against the defendant Brown & Co. to recover of them the said certificate and shares of stock, or $10,000, their alleged value, and for damages for their detention, which suit is now pending.

We think that the complaint alleges a cause of action for the damages sustained by the plaintiff in consequence of the stock not being what it was represented to be—not for a rescission of the purchase and a recovery back of the amount paid, although there are many allegations in this complaint that are quite unnecessary upon such a cause of action. The question is, then, whether this separate defense is sufficient. If the action is to recover damages for deceit, it is quite plain that the fact that plaintiff deposited the shares of stock purchased with the defendant Brown & Co. as security would not be a defense. Assuming that the defendants would be allowed to offset the amount of the plaintiff's indebtedness as against any recovery that the plaintiff would obtain, these facts are not pleaded as a counterclaim or offset, or as a partial defense. The fact that the defendants are willing to credit the plaintiff with $6,000, with interest at 4 per cent., does not seem to be a defense. Nor would the allegation that the plaintiff had assigned the stock to one Alice B. Gaylord be a defense to an action for damages for a fraud. Assuming that these facts might be alleged as a partial defense, or in mitigation of damages, under section 508 of the Code of Civil Procedure, it is quite clear that it is not a defense to the cause of action to recover the damages sustained by the plaintiff in consequence of the fraudulent representations.

I think this demurrer must be sustained, as these facts are not a defense to the only cause of action which is alleged in the complaint, namely, an action to recover damages for fraud.

The judgment appealed from must be reversed, with costs, and the demurrer sustained, with costs, with leave to the defendants to amend the answer within 20 days on payment of costs. All concur.